IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEREMY LAMOND HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV308 |
| | ) | |
| ASHLIE SHANLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER, MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on a motion to dismiss for lack of jurisdiction and failure to state a claim (Docket Entry 10) as well as submissions that the Court construes as a motion to compel service (Docket Entry 14) and a request for removal (Docket Entry 1-2). These matters are ripe for disposition. For the below reasons, the Court denies the motion to compel service. Further, the undersigned recommends that the Court deny the request for removal and grant the motion to dismiss.

**I.   BACKGROUND**

*Pro se* Plaintiff Jeremy Lamond Henderson ("Henderson") filed a complaint that named as defendants Ashlie Shanley ("Shanley"), the Cabarrus County District Attorney; Nathaniel Knust, a Cabarrus County District Court Judge; Van Worth Shaw, the Cabarrus County Sheriff; and Wayne Goodwin, the Commissioner of the North Carolina Division of Motor Vehicles. (Docket Entry 1 at 2, Complaint.) However, Henderson ultimately served the complaint on Shanley only. (*See generally* Text Order dated 04/14/2025; Docket Entries 6, 8.)

Shanley filed a motion to dismiss on June 9, 2025, which included a certificate from her attorney certifying that the motion was served on Henderson by mail. (Docket Entry 10.) The Court then sent Henderson a *Roseboro* letter informing him of his right to file a response, and the potential consequences—including dismissal—of not doing so. (Docket Entry 12.) Henderson's response was due on June 30, 2025.

On June 30, 2025, Henderson submitted a statement alleging that he had never received Shanley's motion to dismiss, requesting that the Court order Shanley to "properly inform me with her motions addressing the true party in interest," and stating that he would "respond within the 21-day time frame upon proper service of due process." (Docket Entry 14 at 1–2.) The Court construes this submission as a motion to compel service. (*See infra* Section IV.)

On July 28, 2025, Henderson filed a document titled both "Complaint" and "Plaintiff's Opposition for Motion to Dismiss." (Docket Entry 15 at 1.) Despite Henderson's earlier statement that he never received Shanley's motion to dismiss, the motion and briefing were attached to Henderson's July 28 submission. (*See id.* at 24–36.)

It is not clear whether Henderson intended his July 28 submission to serve as an amended complaint or as his response to Shanley's motion. On one hand, the document clearly takes the form of a complaint; for example, it includes numbered paragraphs and a prayer for relief. (*See* Docket Entry 15.) It also includes multiple causes of action not found in the original complaint, including securities fraud, human trafficking, negligence, and "violation of 18 U.S.C. 1584 – Sale into involuntary servitude." (*Id.* at 9–11, 14, 17–19.) On the other hand, certain portions of the document contain argumentation and extensive quotes from judicial opinions. (*See id.* 15 at 3–5.) It also omits some of the causes of action found in

the original complaint, including copyright infringement and Henderson's request to remove a state proceeding to federal court. (*Compare* Docket Entry 15 *with* Docket Entry 1 at 7; Docket Entry 1-2 at 1–2.)

The undersigned recommends that the Court construe the original complaint (Docket Entry 1) as the operative complaint in this matter and Henderson's July 28 submission (Docket Entry 15) as an untimely response to the motion to dismiss. The Federal Rules of Civil Procedure prohibit amendment as a matter of course at this stage in the proceedings, and Henderson has not sought leave to amend.[1] *See* Fed. R. Civ. P. 15(a)(1)–(2). Further, were the Court to adopt the new submission as the operative complaint, it would be determining that Henderson had abandoned his claims not carried over from the original complaint despite no clear indication that Henderson wished to do so. And the Court cannot consider both documents to be operative complaints. This Court has previously ruled that

> [w]hile courts should and do construe pro se complaints liberally, it is unfair to defendants to require them to sort through numerous briefs and other paper writings to figure out whether and what federal causes of action a plaintiff is asserting and whether the plaintiff might have scattered sufficient allegations

---

[1] While *pro se*, Henderson is not unfamiliar with federal courts: He has filed at least three other lawsuits, all of which appear facially similar to this one. *See Jeremy Lamond Henderson Tr. v. Haynes*, No. 3:23-CV-730-FDW, 2024 WL 460263 (W.D.N.C. Feb. 6, 2024); *Henderson v. Haynes*, No. 3:23-CV-583-FDW, 2024 WL 1184724, at *1 (W.D.N.C. Mar. 19, 2024); *Henderson v. Cabarrus Cnty. Sheriff's Off.*, No. 3:23-CV-367-RJC-DCK, 2024 WL 5397196 (W.D.N.C. Aug. 14, 2024), *report and recommendation adopted*, No. 3:23-CV-00367-RJC-DCK, 2025 WL 33468 (W.D.N.C. Jan. 6, 2025). The undersigned does not consider whether any claims or issues in this case are precluded by those cases, first, because the defendants have not raised the issue, and second, because the only claims that survive Henderson's failure to properly serve most of the defendants in this case are those against Shanley, *see infra* Section III, who was not a defendant in any of Henderson's other cases. "Preclusion is not a jurisdictional matter," *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 282 (2005), and therefore need not be raised *sua sponte*.

> of the necessary facts supporting such a claim in all the various
> paper writings. A complaint is supposed to be one document.

*Rice-Rashawn v. Rice*, No. 1:17-CV-56, 2017 WL 11017515, at *2 (M.D.N.C. Aug. 3, 2017). Accordingly, the undersigned discusses only the allegations included in the original complaint from this point on.

Henderson's complaint is difficult to understand, but it includes, in relevant part, the following allegations:

- The Cabarrus County magistrate's office & district attorney's office issued an Order for Arrest against Henderson in retaliation for a lawsuit he had filed against the sheriff's office. (Compl. at 5.)

- The Cabarrus County sheriff, district attorney, magistrate judge, and DMV conspired to:
    - Create "Orders and Warrants for Arrest with allegations containing constitutional rights violations." (*Id.*)
    - Use Henderson's "copyrighted tradename and material on their documents for profit and gain." (*Id.*)
    - "Fraudulently maintain[n] [Henderson's] copyrighted material in their databases to gain and maintain contractual jurisdiction over [Henderson]." (*Id.*)
    - "Seiz[e] and refus[e] to release property belonging to me and my organization." (*Id.*)
    - "Violat[e] [Henderson's] constitutionally protected second, fourth, and fifth amendment right to life, liberty and pursuit of happiness to generate profit revenue and gain." (*Id.*)

- Shanley "authorized the agencies and corporations operating under her leadership to consistently violate my constitutionally protected right to life, liberty, and the pursuit of happiness by denying my first amendment right to travel in an automobile and to bear arms in exchange for her benefits and privileges known as Concealed Carry Weapons Permits and Driver's Licenses. I was not using the automobile that I was traveling in for profit and gain on the roadways." (*Id.* at 6.)

- Shanley "authorized her courthouse to assign and reschedule court dates on their dockets without my knowledge in their attempts to default me. This is also a retaliatory

4

action as a result of a previously filed lawsuit [and] a direct violation of the second amendment[.]" (*Id.*)

- Shanley "authorizes her security guards on patrol to violate the second, fourth, and fifth amendment constitutionally protected rights for the men and women living in and traveling through Cabarrus county, North Carolina without consequences as well." (*Id.*)

Henderson additionally alleges, with reference to no specific defendant, "1. Copyright Infringement 2. Violation of constitutionally protected civil rights. 3. Larceny of a Firearm. 4. False Arrest and Imprisonment." (*Id.* at 7.) He cites federal criminal statutes 28 U.S.C. §§ 241–42 as his basis for federal question jurisdiction and requests "a $500,000.00 judgment and injunctive relief." (*Id.* at 3, 7.)

In summary, the undersigned interprets Henderson's complaint as containing the following collections of attempted claims against Shanley:

(1) Constitutional rights violations resulting from various charges brought against Henderson (concealed weapon, driving with a revoked license, etc.).

(2) Retaliatory prosecution and rescheduling of court dates.

(3) Copyright infringement resulting from the use of Henderson's name and information for profit.

(4) False arrest and imprisonment, presumably from Henderson's detainment in connection with the above charges.

(5) Larceny, apparently from the confiscation of Henderson's concealed weapon.

(6) Conspiracy to commit all the above actions.

Finally, Henderson requests "an order for removal" of his North Carolina Superior Court case, No. 23CR221205-120, to federal court. (Docket Entry 1-2 at 1–2.) The undersigned takes judicial notice of the fact that the case Henderson seeks to remove is a state criminal case in which Henderson faces multiple charges, including carrying a concealed

5

weapon, driving with a revoked license, and resisting a public officer. *See* Cabarrus Superior Court Case No. 23CR221205-120, https://perma.cc/S3T6-HRD7 (last visited January 14, 2026).

## II. REMOVAL REQUEST

The undersigned recommends that the Court deny Henderson's request for removal. The general removal statute only applies to civil actions, *see* 28 U.S.C.A. § 1441, and "there exist few circumstances under which a state criminal prosecution may be removed to federal district court," as specified by 28 U.S.C. §§ 1442, 1442a, and 1443, *Ali v. N. Carolina Sheriff's Ass'n*, No. 5:13-CV-546-BO, 2013 WL 5863744, at *3 (E.D.N.C. Oct. 30, 2013). "Section 1442 applies to prosecutions proceeding in state court against federal officers or agents, section 1442a to members of the armed forces, and section 1443 to claims of racial inequality." *Id.* Henderson has alleged no such bases for removing his state criminal proceeding here, so removal would not be proper.

## III. CLAIMS AGAINST UNSERVED DEFENDANTS

The undersigned recommends that the Court dismiss Henderson's claims against Defendants Knust, Shaw, and Goodwin. The Court previously warned Henderson that his claims would be dismissed if he did not serve Defendants before May 12, 2025. (*See* Text Order dated 04/14/2025.) However, Henderson has only served Shanley. (*See* Docket Entries 6, 8.) Accordingly, dismissal without prejudice of the remaining defendants is appropriate. *See* Fed. R. Civ. P. 4(m).

6

## IV. MOTION TO COMPEL SERVICE

The Court construes Henderson's June 30, 2025 submission (Docket Entry 14) as (1) a motion to compel Shanley to serve Henderson in the way Henderson argues is proper, and (2) a motion for an extension of time to file a response to Shanley's motion to dismiss. The Court denies both requests.

Henderson claims that he has

> not received a Motion to Dismiss or any correspondences from District Attorney ASHLEY SHANLEY regarding this case. I did receive a letter from the State of North Carolina Department of Justice on June 20, 2025, but returned the letter due to unsolicited mail listed in a fictious name. . . . District Attorney ASHLEY SHANLEY has done this on multiple occasions in order to deter, delay, trick, and deceive her opponent. I am asking the court to order District Attorney ASHLEY SHANLEY to properly inform me with her motions addressing the true party in interest regarding this case at the above listed address. She has failed to follow the federal and state rules of procedure. I will respond within the 21-day time frame upon proper service of due process.

(Docket Entry 14 at 1–2.) Henderson then writes his name in all capital letters—"JEREMY LAMOND HENDERSON"—and writes that "[t]his is the true party in interest in this case." (*Id.* at 8.) Henderson also attached a copy of an envelope addressed to "Jeremy Lamond Henderson" with a return address to the "State of North Carolina," "Department of Justice." (*Id.* at 5.) Henderson writes below the return address that "Asheley Shanley is not listed on this document" and that he does

> not know or have any business dealings with the State of North Carolina Department of Justice. They are a third party intervenor if they are attempting to contact me in regards to the ongoing case between the Plaintiff (JEREMY LAMOND HENDERSON) and the Defendant (ASHLEY SHANLEY). Doing so constitutes a violation of Federal Rule 17. Plaintiff and Defendant; Capacity; Public Officers and 18 U.S.C. 1342 –

7

> Fictious name or address, along with the Federal Style Manual. The real party in interest was not listed on the above listed envelope and they are also a third party intervenor and prohibited from partaking in this case.

(*Id.* at 4.)

In summary, the Court reads Henderson to argue that he should not have to respond to Shanley's motion to dismiss until she delivers it to him with his name written in all capital letters and her name (presumably, in all capital letters as well) in the return address.

This is a frivolous argument. Rule 17 does not require a party's name to be written in any particular way; it merely requires that a case not involve an uninterested party. *See, e.g., Addax Energy SA v. M/V Yasa H. Mulla*, 987 F.3d 80, 84–85 (4th Cir. 2021). Similarly, 18 U.S.C. § 1342 criminalizes use of a false name to commit the various types of mail fraud listed in § 1341; it is wholly irrelevant here.

Further, even if the correct spelling of Henderson's name involved all capital letters, Shanley's use of lowercase letters would not make her service improper. Misnaming a party "in some insignificant way" does not make service defective. *See Miller v. Charlotte Mecklenburg Schs.*, No. 3:24-CV-00511-FDW-DCK, 2024 WL 4354716, at *3 (W.D.N.C. Sept. 30, 2024) (citation modified). And Henderson's argument that the North Carolina Department of Justice—which employs Shanley's attorney—is an improper third-party intervenor is similarly frivolous. A party's attorney is entitled to act for them throughout a case. *See, e.g., Bethlehem Steel Corp. v. Devers*, 389 F.2d 44, 45–46 (4th Cir. 1968).

For the above reasons, the Court denies Henderson's motion to compel service.

8

## V. CLAIMS AGAINST DEFENDANT SHANLEY

The undersigned recommends that the Court dismiss all of Henderson's claims against Shanley. Henderson did not file a timely response to Shanley's motion to dismiss, meaning Shanley's motion may be "considered and decided as an uncontested motion, [which] ordinarily will be granted without further notice." Local Rule 7.3(k); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (Auld, M.J.) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession).

Alternatively, Henderson's claims against Shanley are either outside the Court's subject matter jurisdiction, barred by prosecutorial immunity, or insufficiently stated by Henderson's complaint. The undersigned discusses each of these reasons for dismissal below.

### A. Conspiracy Claims

To the extent that Henderson is attempting to sue Shanley under 28 U.S.C. §§ 241 and 242 (*see* Compl. at 5–6)——which are federal statutes criminalizing conspiracy and certain willful deprivations of rights—this Court lacks jurisdiction to hear Henderson's claims. "Criminal laws generally do not provide private causes of action." *Nelson v. Credit Acceptance Corp.*, No. 1:21CV909, 2022 WL 17832129, at *4 (M.D.N.C. Oct. 20, 2022) (Auld, M.J.) (citing *Doe v. Broderick*, 225 F.3d 440, 447 (4th Cir. 2000)), *report and recommendation adopted*, (M.D.N.C. Mar. 15, 2023). Courts have analyzed the statutes Henderson attempts to sue under here, and have found that they, specifically, do not provide a private cause of action. *See, e.g., Rankin v. Sykes*, No. 1:18CV353, 2019 WL 203184, at *3 (M.D.N.C. Jan. 15, 2019). Indeed, Henderson has tried suing under these statutes at least twice before and has been given the same answer.

9

*See Henderson v. Cabarrus Cnty. Sheriff's Off.*, No. 3:23-CV-367-RJC-DCK, 2024 WL 5397196, at *2 (W.D.N.C. Aug. 14, 2024), *report and recommendation adopted*, No. 3:23-CV-00367-RJC-DCK, 2025 WL 33468 (W.D.N.C. Jan. 6, 2025); *Henderson v. Haynes*, No. 3:23-CV-583-FDW, 2024 WL 1184724, at *2 (W.D.N.C. Mar. 19, 2024). Thus, the Court has no jurisdiction over Henderson's conspiracy claims.

### B. Constitutional Rights Violations and Retaliatory Prosecution Claims

To the extent that Henderson is instead relying on the Constitution and 42 U.S.C. § 1983 to create a federal question jurisdiction for him to seek money damages for Shanley's prosecution of state criminal charges against him, his suit is barred by prosecutorial immunity. "Absolute immunity applies with full force to a prosecutor's activities that remain intimately associated with the judicial phase of the criminal process." *Williams v. North Carolina*, No. 1:23CV325, 2023 WL 6879203, at *4 (M.D.N.C. Oct. 18, 2023). Thus, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Here, though Henderson's complaint is sparse on factual details, it appears to center on the state criminal charges Shanley brought against him, as well as conduct "intimately associated with the judicial phase of the criminal process" such as the scheduling of court dates. (*See* Compl. at 5–6.) Shanley is immune from such claims.

### C. Copyright Infringement

Henderson has failed to state a claim for copyright infringement. A motion to dismiss under Rule 12(b)(6) prompts a court to consider whether allegations in a complaint are sufficient to state a plausible claim. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

10

The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff, but does not consider legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citation modified).

Here, Henderson's copyright infringement claim requires two elements "(1) ownership of a valid copyright by the party complaining of infringement, and (2) unauthorized copying of the protected work by the infringing party." *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 196 F. App'x 166, 172 (4th Cir. 2006); *accord. Banilla Games, Inc. v. Fuel Smart 6 Inc.*, No. 1:24-CV-358, 2025 WL 1371557, at *2 (M.D.N.C. May 12, 2025). But Henderson has not alleged facts to support either one. It is not even entirely clear what copyrighted information he alleges Shanley infringed or how doing so yielded "profit and gain." (Compl. at 5.) Thus, Henderson has not stated a claim for copyright infringement.

### D. Remaining Claims

The Court does not have jurisdiction over Henderson's remaining claims. Those claims are based on state tort and criminal law; they include claims of false arrest, imprisonment, and larceny. (*See* Compl. at 5–6.) But federal courts only have jurisdiction over claims rooted in state law when those claims arise from "the same common nucleus of operative fact as a federal law claim." *See, e.g., Rosmer v. Pfizer Inc.*, 263 F.3d 110, 116 (4th Cir. 2001). For the reasons described above, none of Henderson's federal law claims survive. Thus, even if Henderson has properly stated the remaining state law claims, the Court does not have jurisdiction to hear them.

## VI. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Henderson's motion to compel service (Docket Entry 14) is **DENIED** without prejudice. Furthermore, **IT IS HEREBY RECOMMENDED** that Henderson's request for removal (Docket Entry 1-2) be **DENIED**, that Shanley's motion to dismiss (Docket Entry 10) be **GRANTED**, and that Henderson's complaint be dismissed in its entirety without prejudice.

                                          /s/  Joe L. Webster
                                     United States Magistrate Judge

January 16, 2026
Durham, North Carolina